Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: (718) 263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
ERIK JIMENEZ-PEREZ, MIGUEL ANGEL LEON-
GUZMAN, ASAREEL SANDOVAL-IZELO, TOMAS
CAZARES-ROJAS AND PAULINO JUAREZ-VAZQUEZ.

**COMPLAINT**

Plaintiffs,

**JURY TRIAL**
-against-　　　　　　　　　　　　　　　　　　　　**DEMANDED**

VARIETY CAFE, AND YUM KIM, YUN OC NAM AND
ANDREW YOON, as individual,

Defendants.

-------------------------------------------------------------------X

1. Plaintiffs, **ERIK JIMENEZ-PEREZ, MIGUEL ANGEL LEON-
GUZMAN, ASAREEL SANDOVAL-IZELO, TOMAS CAZARES-
ROJAS, PAULINO JUAREZ-VAZQUEZ** (hereinafter referred to as
"Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege,
upon personal knowledge as to themselves and upon information and belief as
to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiffs, **ERIK JIMENEZ-PEREZ, MIGUEL ANGEL LEON-
GUZMAN, ASAREEL SANDOVAL-IZELO, TOMAS CAZARES-
ROJAS AND PAULINO JUAREZ-VAZQUEZ** through undersigned
counsel, bring this action against **VARIETY CAFE, AND YUM KIM, YUN
OC NAM AND ANDREW YOON**, as individuals (collectively,
"Defendants"), to recover damages for egregious violations of Federal and

State minimum wage and overtime wage laws arising out of Plaintiffs' employment at the **VARIETY CAFE**, located at 339 Broadway New York, New York 10013 and 48 W. 48th Street New York, New York 10036.

3. Plaintiff **ERIK JIMENEZ-PEREZ** was employed by Defendants to work as a Pizza/Juice maker at the **VARIETY CAFE**, from in or around October, 2006 until his employment was terminated in May, 2012.

4. Although Plaintiff **ERIK JIMENEZ-PEREZ** worked approximately sixty hours (60) hours or more per week from October, 2006 until March, 2010, and fifty hours (50) hours or more per week from April. 2010 until May, 2012, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYLL).

5. Although Plaintiff **ERIK JIMENEZ-PEREZ** worked approximately sixty hours (60) hours or more per week from October, 2006 until March, 2010, and fifty hours (50) hours or more per week from April, 2010 until May, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

6. Plaintiff **MIGUEL ANGEL LEON-GUZMAN** was employed by Defendants to work as a cook at the **VARIETY CAFE**, from in or around July, 2006 until employment was terminated on June, 2012.

7. Although Plaintiff **MIGUEL ANGEL LEON-GUZMAN** worked approximately sixty (60) hours or more per week from in or around July, 2006 until February, 2010 and fifty-four (54) hours or more per week from March, 2010 until employment was terminated on June, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

8. Plaintiff **ASAREEL SANDOVAL-IZELO** was employed by Defendants to work as a Cook at the **VARIETY CAFE**, from in or around July, 2011 until his employment was terminated in or around June, 2012.

9.  Although Plaintiff **ASAREEL SANDOVAL-IZELO** worked approximately fifty (50) hours or more per week from in or around July, 2011 until his employment was terminated in or around June, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

10. Plaintiff **TOMAS CAZARES-ROJAS** was employed by Defendants to work as a Fruit maker/Merchandise Organizer at the **VARIETY CAFE**, from in or around July, 2006 until his employment was terminated on June, 2008.

11. Although Plaintiff **TOMAS CAZARES-ROJAS** worked approximately fifty (50) hours or more per week from in or around July, 2006 until his employment was terminated on June, 2008, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYLL).

12. Although Plaintiff **TOMAS CAZARES-ROJAS** worked approximately fifty (50) hours or more per week from in or around July, 2006 until his employment was terminated on June, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

13. Plaintiff **PAULINO JUAREZ-VAZQUEZ** was employed by Defendants to work as a Salad maker at the **VARIETY CAFE**, from in or around November, 2006 until his employment was terminated in January, 2013.

14. Although Plaintiff **PAULINO JUAREZ-VAZQUEZ** worked approximately sixty hours (60) hours or more per week from in or around November, 2006 until his employment was terminated in January, 2013, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYLL).

15. Although Plaintiff **PAULINO JUAREZ-VAZQUEZ** worked approximately sixty hours (60) hours or more per week from in or around November, 2006 until his employment was terminated in January, 2013, Defendants did not

pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

16. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over Plaintiffs' Federal law claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

18. This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. §1367.

19. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

20. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

21. Plaintiff, **ERIK JIMENEZ-PEREZ**, resides at 80-12 89th Avenue Woodhaven, New York, in Queens County, and was employed by Defendants at **VARIETY CAFE**, located at 339 Broadway New York, NY 10013 in New York County, from in or around October, 2006 until May, 2012.

22. Plaintiff, **MIGUEL ANGEL LEON-GUZMAN**, resides at 2525 Aqueduct Avenue, Apt 1A, Bronx, NY 10458, in Bronx County, New York State and was employed by Defendants at **VARIETY CAFE**, located at 48 W. 48th Street New York, NY 10036 New York State from in or around July, 2006 until January June 2012.

23. Plaintiff, **ASAREEL SANDOVAL-IZELO**, resides 40-15 Hampton Street Apt 5B Elmhurst, New York, in Queens County, New York State and was employed by Defendants at **VARIETY CAFE**, INC., located at located at 48

W. 48th Street New York, New York State from in or around July, 2011 until in or around June, 2012.

24. Plaintiff, **TOMAS CAZARES-ROJAS**, resides at 735 Pelham Parkway Apt 1G Bronx, NY 10458, in Bronx County, New York State and was employed by Defendants at **VARIETY CAFE**, located at 48 W. 48th Street New York, New York State from in or around July, 2006 until in or around June, 2008.

25. Plaintiff, **PAULINO JUAREZ-VAZQUEZ**, resides at 3227 Bainbridge Bronx, NY 10458, in Bronx County, New York State and was employed by Defendants at **VARIETY CAFE**, located at 48 W. 48th Street New York, New York State from in or around November, 2006 until January, 2013

26. Upon information and belief, Defendant, **VARIETY CAFE**, is a corporation organized under the laws of New York with a principal executive office at 339 Broadway New York, New York 10013 and 48 W. 48th Street New York, New York 10036.

27. Upon information and belief, Defendant, **VARIETY CAFE**, is a corporation authorized to do business under the laws of New York.

28. Upon information and belief, Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** own and/or operate **VARIETY CAFE**, located at 2372 Arthur Ave, Bronx, NY 10458.

29. Upon information and belief, Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** is the Chairman of the Board of **VARIETY CAFE**.

30. Upon information and belief, Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** have power over personnel decisions at **VARIETY CAFÉ**.

31. Upon information and belief, Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** have power over payroll decisions at **VARIETY CAFÉ**.

32. Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** have the power to hire and fire employees at the **VARIETY CAFE.**, establish and pay wages, set work schedules, and maintain employment records.

33. During all relevant times herein, Defendants **YUM KIM, YUN OC NAM AND ANDREW YOON** were Plaintiffs' employer within the meaning of the FLSA and NYLL.

34. On information and belief, **VARIETY CAFE**. is, at present and has been at all times relevant to the allegation in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

35. Plaintiff, **ERIK JIMENEZ-PEREZ**, was employed by Defendants at the **VARIETY CAFÉ**, in New York State, approximately in or around October, 2006 and May, 2012.

36. During his employment by Defendants at **VARIETY CAFÉ**, Plaintiff's primary duties were working as a Pizza/Juice Maker, and performing other miscellaneous duties as directed by supervisors and managers.

37. Defendants usually created a work schedule, requiring Plaintiff **ERIK JIMENEZ-PEREZ** to work well more than forty (40) hours per week.

38. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty (60) hours or more per week.

39. Although Plaintiff **ERIK JIMENEZ-PEREZ** worked approximately sixty hours (60) hours or more per week from October, 2006 until March, 2010, and fifty hours (50) hours or more per week from April. 2010 until May, 2012, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYLL).

40. Although Plaintiff **ERIK JIMENEZ-PEREZ** worked approximately sixty hours (60) hours or more per week from October, 2006 until March, 2010, and fifty hours (50) hours or more per week from April, 2010 until May, 2012,

Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, although Plaintiff **ERIK JIMENEZ-PEREZ** worked approximately sixty (60) hours or more per week from October, 2006 until March, 2010, Defendants paid Plaintiff $ 360.00 (three-hundred and sixty dollars) a week and sixty (60) hours or more per week from April, 2010 until November, 2011, Defendants paid Plaintiff $450.00 (four hundred and fifty dollars) a week and fifty (50) hour or more per week from December, 2011 . until May, 2012, Defendants paid Plaintiff $375.00 ( thee hundred and seventy five) a week.

42. Plaintiff, **MIGUEL ANGEL LEON-GUZMAN**, was employed by Defendants at the **VARIETY CAFE**. In New York State, approximately in or around July, 2006 and June, 2012.

43. During his employment by Defendants at VARIETY CAFE, INC., and Plaintiff's primary duties were working as a Cook, and performing other miscellaneous duties as directed by supervisors and managers.

44. Defendants usually created a work schedule, requiring Plaintiff **MIGUEL ANGEL LEON-GUZMAN** to work well more than forty (40) hours per week.

45. In fact, the schedule created by Defendants required Plaintiff to work approximately seventy (60) hours or more per week.

46. Although Plaintiff **MIGUEL ANGEL LEON-GUZMAN** worked approximately sixty (60) hours or more per week from in or around July, 2006 until February, 2010 and fifty-four (54) hours or more per week from March, 2010 until employment was terminated on June, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Furthermore, although Plaintiff **MIGUEL ANGEL LEON-GUZMAN** worked approximately sixty (60) hours or more per week from in or around July, 2006 until February, 2010, Defendants paid Plaintiff $540 ( five hundred

and forty) a week and fifty-four (54) hours or more per week from March, 2010 until June, 2012, defendants paid Plaintiff $510 (five hundred and ten dollars) a week.

48. Plaintiff, **ASAREEL SANDOVAL-IZELO** was employed by Defendants at the **VARIETY CAFE**, New York State, approximately in or around July, 2011 and June, 2012.

49. During his employment by Defendants at **VARIETY CAFE**, Plaintiff's primary duties were working as a Cook, and performing other miscellaneous duties as directed by supervisors and managers.

50. Defendants usually created a work schedule, requiring Plaintiff **ASAREEL SANDOVAL-IZELO** to work well more than forty (40) hours per week.

51. In fact, the schedule created by Defendants required Plaintiff to work approximately fifty (50) hours or more per week.

52. Although Plaintiff **ASAREEL SANDOVAL-IZELO** worked approximately fifty (50) hours or more per week from in or around July, 2011 and June, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Furthermore, although Plaintiff **ASAREEL SANDOVAL-IZELO** worked approximately fifty (50) hours or more per week from in or around July, 2011 and June, 2012, Defendants paid Plaintiff $ 440.00 (four hundred and forty dollars) a week.

54. Plaintiff, **TOMAS CAZARES-ROJAS** was employed by Defendants at the **VARIETY CAFE**, New York State, approximately in or around July, 2006 and June, 2008.

55. During his employment by Defendants at **VARIETY CAFÉ,** Plaintiff's primary duties were working as a Fruit Maker, and performing other miscellaneous duties as directed by supervisors and managers.

56. Defendants usually created a work schedule, requiring Plaintiff **TOMAS CAZARES-ROJAS** to work well more than forty (40) hours per week.

57. In fact, the schedule created by Defendants required Plaintiff to work approximately fifty (50) hours or more per week.

58. Although Plaintiff **TOMAS CAZARES-ROJAS** worked approximately fifty (50) hours or more per week from in or around July, 2006 and June, 2008, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYLL).

59. Although Plaintiff **TOMAS CAZARES-ROJAS** worked approximately fifty (50) hours or more per week from in or around July, 2006 and June, 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

60. Furthermore, although Plaintiff **TOMAS CAZARES-ROJAS**  worked approximately fifty (50) hours or more per week from in or around July, 2006 and June, 2008, Defendants paid Plaintiff $ 320.00 (three-hundred and twenty dollars) a week.

61. Plaintiff, **PAULINO JUAREZ-VAZQUEZ** was employed by Defendants at the **VARIETY CAFE**, New York State, approximately in or around November, 2006 and January, 2013.

62. During his employment by Defendants at **VARIETY CAFE**, Plaintiff's primary duties were working as a Salad Maker, and performing other miscellaneous duties as directed by supervisors and managers.

63. Defendants usually created a work schedule, requiring Plaintiff **PAULINO JUAREZ-VAZQUEZ** to work well more than forty (40) hours per week.

64. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty (60) hours or more per week.

65. Although Plaintiff **PAULINO JUAREZ-VAZQUEZ** worked approximately sixty (60) hours or more per week from in or around July, 2011 and June, 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Furthermore, although Plaintiff **ASAREEL SANDOVAL-IZELO** worked approximately fifty (50) hours or more per week from in or around July, 2011 and June, 2012, Defendants paid Plaintiff $ 440.00 (four hundred and forty dollars) a week.

67. The FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour from January 1, 2004 until July 23, 2007, $5.85 per hour from July 24, 2007 until July 23, 2008, $6.55 per hour from July 24, 2008 until July 23, 2009, $7.25 from July 24, 2009 until present.

68. The New York Minimum Wage Act, NYLL §652 had required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour from January 1, 2004 until December 31, 2004, $6.00 per hour from January 1, 2005 until December 31, 2005, $6.75 per hour from January 1, 2006 until December 31, 2006, $7.15 per hour from January 1, 2007 until July 23, 2009, $7.25 per hour from July 24, 2009 until present.

69. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the warehouse as required by both NYLL and the FLSA.

70. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

71. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

### FIRST CAUSE OF ACTION
#### Minimum Wages Under The Fair Labor Standards Act

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

74. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

75. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

76. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

77. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

78. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

79. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

82. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

83. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

84. Defendants also failed to pay Plaintiffs the required minimum wage, the minimum wage rate to which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

85. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to twenty-five percent (25%) of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

87. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

88. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

89. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

90. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

91. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the Plaintiffs' compensation.

92. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs

of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

95. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiffs were entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

96. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to twenty-five percent (25%) of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198(1-a).

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and the NYLL and its regulations;

   b. Awarding Plaintiffs' unpaid minimum wages, overtime wages and spread of hours wages;

   c. Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and NYLL §§198(1-a), 663(1);

13

d. Awarding Plaintiffs' prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this Court deems necessary and proper.

Dated: This 11th day of February, 2013.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: (718) 263-9591
Fax: (718) 263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIK JIMENEZ-PEREZ, MIGUEL ANGEL
LEON-GUZMAN, ASAREEL SANDOVAL-IZELO,
TOMAS CAZARES-ROJAS AND PAULINO
JUAREZ-VAZQUEZ,

Plaintiffs,

-against-

VARIETY CAFE, AND YUM KIM, YUN OC NAM
AND ANDREW YOON, as individual,

Defendants.

## COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
**Attorneys for Plaintiffs**
**69-12 Austin Street**
**Forest Hills, NY 11375**
**Phone (718) 263-9591**
**Fax (718) 263-9598**

JS 44C/SDNY
REV. 5/2010

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Erik Jimenez-Perez, Miguel Angel Leon-Guzman, Asareel Sandoval-Izelo, Tomas Cazares-Rojas and Paulino Juarez-Vazquez | Variety Cafe and Yum Kim, Yuc On Nam and Andrew Yoon, as individuals, |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Helen F. Dalton & Associates, P.C. (718) 263-9591<br>69-12 Austin Street, Forest Hills, NY 11375 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Labor Standards Act

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[X] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)*            **ORIGIN**

☑ 1 Original Proceeding    ☐ 2a. Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

---

*(PLACE AN x IN ONE BOX ONLY)*      **BASIS OF JURISDICTION**      *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☐ 4 DIVERSITY

---

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

---

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Erik Jimenez-Perez
80-12 89th Avenue
Woodhaven, NY 11421

Miguel A. Leon-Guzman
2525 Aqueduct Avenue #1A
Bronx, NY 10458

---

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

VARIETY CAFE      YUM KIM      ANDREW YOON
339 BROADWAY      48 W. 48TH STREET      48 W. 48TH STREET
NEW YORK, NY 10013      NEW YORK, NY 10036      NEW YORK, NY 10036

VARIETY CAFE      YUN OC NAM
48 W. 48TH STREET      48 W. 48TH STREET
NEW YORK, NY 10036      NEW YORK, NY 10036

---

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

---

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☑ MANHATTAN
     (DO NOT check either box if this a PRISONER PETITION.)

---

DATE 02/11/2013   SIGNATURE OF ATTORNEY OF RECORD      ADMITTED TO PRACTICE IN THIS DISTRICT
                                           [ ] NO
RECEIPT #                                         [x] YES (DATE ADMITTED Mo. 06 Yr. 2007 )
                                           Attorney Bar Code #RA5508

---

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)